UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED 3-6-00
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

| | |
|---|---|
| HITSGALORE.COM, INC., : | |
|     Plaintiff : | |
| v. : | No. 99-1387-CIV-T-26C |
| : | District Judge Richard A. Lazzara |
| JANICE SHELL, et al. : | Magistrate Judge Elizabeth A. Jenkins |
|     Defendants : | |

**DECLARATION OF DEFENDANT DANIEL S. LOEB IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Daniel S. Loeb states as follows under penalty of perjury:

1. I currently work in New York City. I have worked in New York since 1994.

2. I currently reside in New York. I have lived in New York since 1994.

3. I am the sole shareholder of the investment advisor of five investment funds. Three of these investment funds are corporations incorporated outside the United States; two are Delaware limited partnerships. I am the sole shareholder of the general partner of the limited partnerships, and the other partners of the limited partnerships are all limited partners. The limited partners and shareholders of these investment funds are not involved in the operation of the funds. Both the investment advisor of the funds and the general partner of the limited partnerships are Delaware limited liability companies. I manage the investments for these five funds from offices in New York.

4. As part of my role in managing the investments of these funds, I use bulletin boards found on the Internet where individuals may exchange information about stocks and



express opinions about companies and the value of their stocks. Two examples of bulletin boards devoted to discussion and exchange of information about stocks are the Silicon Investor bulletin boards, which are provided by Go2Net, a company located in the state of Washington, and the Raging Bull bulletin boards, which are provided by a company located in the state of Massachusetts. A person posts a message on these bulletin boards by typing a message on a personal computer with access to the Internet and sending it to the bulletin board. Once a message is posted, it appears on the bulletin board and can be read by anyone who accesses the bulletin board through the Internet.

5. In investigating and analyzing companies in which the investment funds that I manage might invest, I find that it is useful to exchange information about the companies with other interested persons, including those people who post messages on Internet bulletin boards. When I develop opinions concerning those companies, I also find it useful to post those opinions to learn both whether they are shared by other knowledgeable individuals and whether other individuals disagree with my opinions and, if so, why. I find that such exchanges of information and opinions enable me to make more informed investment decisions for the funds.

6. Like many people, I sometimes include a "link" in a bulletin board message. A link contains the address of another location on the Internet and is underlined in the message. With the use of a computer mouse, a person who clicks on the link will be taken to the Internet address of the link, and the information at that Internet address will appear on that person's computer screen. The inclusion of the link enables the reader of my message to read not only my message but also the original source referenced in and linked to my message. In

the message dated May 27, 1999 8:18 AM ET included in Exhibit F to the First Amended Complaint, which I wrote, the line "http://www.FreeEDGAR.com/Search/FilingsResults.asp?CIK=94985..." was a link to the Form 10-K of Hitsgalore.com, Inc., and a person clicking on that link would be taken to that 10-K.

7. Like most people who use these bulletin boards, I post my comments under a "screen name." A screen name is a fictitious name used for comments made on the Internet. When a person posts a comment on a bulletin board under a screen name, the bulletin board message will state that it is from the screen name. Some internet service providers allow one person to use multiple screen names. America OnLine, for example, allows a person to choose up to four screen names.

8. I have reviewed the First Amended Complaint in this action, including the Internet bulletin board postings attached as Exhibit F to the First Amended Complaint.

9. I wrote the Internet bulletin board postings attached as Exhibit F to the First Amended Complaint. I posted these comments under my screen name of Mr. Pink.

10. The Internet bulletin board postings attached as Exhibit F to the First Amended Complaint all appear to have been posted on Silicon Investor message boards.

11. The First Amended Complaint alleges that one of my Internet postings, which bears the date of May 11, 1999, and the time of 11:15 AM, was posted on a Raging Bull message board, although the copy of that posting attached to the First Amended Complaint appears to have been printed from a Silicon Investor message board.

12. I sent the messages attached as Exhibit F to the First Amended Complaint to Internet bulletin boards for the benefit of persons throughout the country who are interested

3

in the stock of plaintiff Hitsgalore.com, Inc. For example, the message dated May 27, 1999 2:29 PM ET in Exhibit F to the First Amended Complaint appears on a bulletin board devoted to discussion of plaintiff Hitsgalore.com, Inc., and this message is message number of 1,593 of the 1,666 messages that had been posted on that bulletin board as of the time the message was printed.

13. I did not specifically or purposefully direct the Internet postings attached as Exhibit F to the First Amended Complaint, or any Internet postings concerning plaintiff Hitsgalore.com, Inc., to the state of Florida.

14. When I wrote the Internet bulletin board postings that are attached as Exhibit F to the First Amended Complaint, I was in New York.

15. I never traveled to Florida or took any action in Florida regarding plaintiff Hitsgalore.com, Inc. or the Internet postings in question.

16. I never communicated via the Internet with anyone who I knew was in Florida regarding plaintiff Hitsgalore.com, Inc. or the Internet postings in question.

17. I made one or more, but fewer than five, telephone calls to the 800 number of Hitsgalore.com, Inc.'s investor relations firm to gather information as part of my research on Hitsgalore.com, Inc. I believe that that investor relations firm is located in Florida. I did not use any of the information obtained from the telephone call(s) in any of the messages attached to the First Amended Complaint.

18. Other than these telephone call(s), I never had any communications by telephone or mail with anyone in Florida regarding plaintiff Hitsgalore.com, Inc. or the Internet postings in question.

4

19. I do not own any property located in Florida.

20. Other than a two-day vacation last year, I have not been to Florida during the past three years.

21. I have never been an agent, servant, employee, representative or co-conspirator of any of the other defendants in this action.

22. None of the other defendants in this action has ever been my agent, servant, employee, representative or co-conspirator.

23. Any documents I have that might be related to this lawsuit would be located in New York.

24. I declare under penalty of perjury that the foregoing is true and correct.

_____
Daniel S. Loeb

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via U.S. Mail to Carl F. Schoeppl, Esq., Schoeppl & Burke, P.A., 4800 North Federal Highway, Suite 210-A, Boca Raton, Florida 33431-5176 this 6th day of March, 2000.

_____
Attorney

005.156183.1

-22-